UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 1:09-cr-181 |
| ) | *Collier/Carter* |
| GLENN SKILES ) | |

REPORT AND RECOMMENDATION

I. Introduction

Defendant's motion to suppress evidence (Doc. 620) has been referred by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). The defendant asserts his statements made to law enforcement during the execution of a search warrant at his residence should be suppressed because he was in custodial detention and he had not been given his Miranda warnings. Because I find the defendant was given his *Miranda* warnings before he was questioned, it is RECOMMENDED defendant's motion to suppress be DENIED.

II. Relevant Facts

The undersigned held an evidentiary hearing on Defendant's motion to suppress on October 11, 2010. Tennessee Bureau of Investigation (TBI) Special Agent (SA) Mark Delaney was the only witness to testify, and I found him to be credible. Based on his testimony, I make the following findings of fact:

On September 14, 2009, SA Delaney was involved in investigating methamphetamine trafficking in East Tennessee. On that day, he obtained a search warrant for the defendant's residence at 1505 Hotwater Road, Soddy Daisy, Tennessee. On September 15, 2009, SA Delaney,

1

with at least five other agents from the federal Drug Enforcement Agency (DEA), the TBI, and the TBI Drug Task Force, went to defendant's residence to execute the search warrant. As they approached the residence, an individual named Jamie Davis ran from the residence. SA Delaney and other officers chased Davis and apprehended him.

Meanwhile, other officers went into the residence and, upon an initial sweep, found no-one. Outside the residence, SA Delaney spoke with Crystal Davis who stated Glenn Skiles should be inside the house. SA Delaney and other officers returned to the residence and found Mr. Skiles along with his girlfriend, Donna Shropshire, lying on a bed in a back bedroom. When officers had entered the house previously, another door in the hallway had been opened and obscured the door to the bedroom where Skiles and Shropshire were found.

There were two dogs also inside the bedroom. Mr. Skiles reached to secure his dogs and asked if he could put them away. The officers allowed Skiles to put his dogs away. The officers then handcuffed both Skiles and Shropshire and removed them from the bedroom. Immediately thereafter, SA Delaney verbally informed the defendant of his *Miranda* rights. SA Delaney asked the defendant if he understood his rights and if he would talk to them. The defendant responded in the affirmative to both questions. SA Delaney asked defendant before they started searching if there were any weapons or any items that might cause the officers harm within the house. The defendant said there was a loaded rifle in the bedroom closet. SA Delaney looked and indeed found a loaded rifle in the closet. DEA Agent David Shelton and SA Delany then took the defendant outside to sit on the porch while they conducted a search of the house.

The search took approximately an hour to an hour and a half, and in that time they found components used to make a methamphetamine lab in the basement. After completing the search,

SA Delaney and Task Force Officer Tad Johnson spoke with Skiles. SA Delaney reminded defendant of his *Miranda* warnings, and the defendant stated he remembered them and agreed to answer more questions. SA Delaney told defendant they had located methamphetamine manufacturing products in the house. The defendant responded he was guilty and he didn't want to put blame on anyone else. He refused to name anyone that might be involved with him in making methamphetamine. He said that the two guns and the lab items found in the basement were his and that he was an addict. He stated he cooks enough methamphetamine to make for his own use and to sell so that he can buy more ingredients to make more. After about fifteen minutes, the defendant said he didn't want to speak anymore, and SA Delaney discontinued the interview. It took about two hours to process the evidence. After doing so, the defendant was released.

III. Analysis

The sole basis for defendant's motion to suppress is that he was not given his *Miranda* warnings prior to questioning. The Fifth Amendment right against self-incrimination and the Due Process Clause of the Fourteenth Amendment require a defendant to be advised of his *Miranda* rights prior to custodial interrogation; statements made to police during custodial interrogation absent *Miranda* warnings must be suppressed. *Dickerson v. United States*, 530 U.S. 428, 443-444 (2000); *Miranda v. Arizona*, 384 U.S. 436, 477 (1966); *Biros v. Bagley*, 422 F.3d 379, 389 (6th Cir. 2005).

The only witness to testify was SA Mark Delaney, and I found him to be a credible witness. Delaney testified unequivocally that he gave defendant his *Miranda* warnings before questioning him. There is no evidence to the contrary. Accordingly, it is RECOMMENDED defendant's motion to suppress statements for failure to give *Miranda* warnings be DENIED.

## IV. Conclusion

For the reasons stated herein, it is RECOMMENDED defendant's motion to suppress be DENIED.[1]

                                                    s/William B. Mitchell Carter
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).